UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MERLE L. ROYSE,

    Petitioner,

v.

BELINDA STEWART,

    Respondent.

Case No.  C06-5440 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**October 27, 2007**

    This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner filed this action under 28 U.S.C. § 2254 to challenge his 1976 Grays Harbor County conviction.  (Dkt. # 1).   The petitioner is filing a successive petition.  Accordingly, the Court recommends that this file be administratively closed and the petition transferred to the Ninth Circuit pursuant to Rule 22-3(a).

DISCUSSION

    Ninth Circuit Rule 22-3 (a) states:

(a)     **Application**.  Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An original and five copies of the application Must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

REPORT AND RECOMMENDATION
Page - 1

(Emphasis added).

The Court's records reflect this case to be duplicate of issues raised previously by Petitioner. Petitioner has filed numerous state habeas petitions, most of which were denied on state procedural grounds. He filed his first federal petition in 1987, <u>Royse v. Gardner</u>, 87-438RJB, which was dismissed on the merits. In a second federal petition, <u>Royse v. Blodgett</u>, 92-5112CRD, Petitioner raised six claims. The district court dismissed two of the claims as successive, three claims as an abuse of the writ, and two claims as not cognizable in a petition for habeas corpus. That decision was affirmed in 24 F.3d 249 (9th Cir. 1994). Accordingly, this petition is successive and this file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

## **CONCLUSION**

Accordingly, the Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 27, 2005**, as noted in the caption.

DATED this <u>26th</u> day of September, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2